802 F.2d 457
 58 A.F.T.R.2d 86-6391, 86-2 USTC P 13,702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peggy June GRIFFIN, Executrix of the Estate of Peggy Cook
Cobb, Plaintiff- Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 85-5760.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1986.
 
 Before KEITH and GUY, Circuit Judges, and BALLANTINE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, executrix of the estate of Peggy Garner Cook Cobb (taxpayer), instituted this action in the district court seeking a refund of interest which the estate paid on a deficiency determined by the tax court. The district court granted the government's motion for summary judgment, holding that the interest paid had been properly assessed and applied. We agree and affirm.
 
 I.
 
 2
 Plaintiff is the daughter of Peggy Garner Cook Cobb, who died in March of 1975, and serves as executrix of her mother's estate. on march 29, 1976, when plaintiff filed an estate tax return for her mother's estate, she did not include in the return the value of a claim which the estate had pending against the estate of decedent's husband, Mr. Cobb. In 1979 the Internal Revenue Service (IRS) audited the estate's return and concluded that the value of the estate's claim against Mr. Cobb's estate should have been included in the gross estate of Mrs. Cobb's estate. The IRS found the value of the claim to be $200,000 and assessed a tax deficiency against the estate in the amount of $85,920.32.
 
 
 3
 Plaintiff then filed a claim in the tax court challenging, among other things, the inclusion of decedent's interest in her husband's estate in decedent's gross estate. Plaintiff's position was that since there was no certainty at the date of decedent's death as to the amount, if any, the estate would receive, the contingent interest was not properly included in decedent's gross estate. The tax court rejected plaintiff's argument, finding that the fair market value of the decedent's interest should have been included in the gross estate. The court found that the fair market value of the interest at the time of decedent's death was $150,000 rather than $200,000. Estate of Cook Cobb, T.C. Memo. 1982-571, 82 T.C.M. 2547 (1982). The deficiency, recomputed on the basis of the $150,000 figure, amounted to $52,000.78. In addition, the IRS assessed interest on the estate's deficiency at $38,210.12. The interest was computed from the date the estate's tax return was originally due (December 29, 1975) until the date of payment on June 13, 1983.
 
 
 4
 The estate paid this deficiency and interest, and then filed a claim with the IRS for a refund of the interest paid on the deficiency. The IRS rejected the claim and plaintiff filed the instant suit. The district court granted summary judgment in favor of the government and plaintiff appeals, pro se, to this court. Plaintiff presents three arguments on appeal: (1) the IRS used the wrong dates for computing the interest due; (2) the IRS applied a usurious rate for computing interest; and (3) plaintiff is entitled to relief under the All Writs Act, 28 U.S.C. Sec. 1651. These claims will be discussed seriatim.
 
 II.
 
 5
 Plaintiff argues that it was improper for the IRS to calculate interest from the date the estate's tax return was originally due, since at that time the estate had not yet realized its interest in Mr. Cobb's estate. Plaintiff argues that, instead, interest should have been calculated from the date on which the estate actually was paid on its claim against Mr. Cobb's estate: July 22, 1977.
 
 
 6
 Plaintiff's argument contradicts the plain language of the Internal Revenue Code with respect to interest on deficiencies:
 
 
 7
 SEC. 6601. INTEREST ON UNDERPAYMENT, NONPAYMENT, OR EXTENSIONS OF TIME FOR PAYMENT OF TAX.
 
 
 8
 (a) General Rule.-- If any amount of tax imposed by this title (whether required to be shown on a return, or to be paid by stamp or by some other method) is not paid on or before the last date prescribed for payment, interest on such amount-at an annual rate established under section 6621 shall be paid for the period from such last date to the date paid.
 
 
 9
 (b) Last Date Prescribed for Payment.-- For pur date prescribed for payment of the tax shall be determined under chapter 62 ....
 
 
 10
 26 U.S.C. Sec. 6601. The "last date prescribed for payment" under chapter 62 is the date prescribed for filing of the return. 26 U.S.C . Sec. 6151. Estate tax returns are due nine months after a decedent's death. Here, decedent died on March 29, 1975, and the return was accordingly due on December 29, 1975. Interest due was properly computed from that date forward.
 
 III.
 
 11
 Plaintiff next argues that the IRS used an incorrect rate for calculating the interest due on the deficiency. She asserts that the interest should have been computed according to the rate set forth in Sec. 6621 of the 1954 Code as unamended. 17 She does not suggest with any specificity how her interpretation of the Code would affect the interest owing.
 
 
 12
 The government argues that the interest due was calculated according to the applicable rate set forth in 26 U.S.C. Sec. 6621. Although that section was amended several times during the period in question, in general it provides for a fluctuating interest rate based upon the prime rate of interest. Plaintiff fails to point out any specific errors in the IRS's application of the fluctuating interest rate.
 
 
 13
 From the record before us it is impossible to accurately determine how the IRS computed the interest due. The inadequacy of the record is due in large part to the fact that plaintiff never squarely presented this issue to the district court. In plaintiff's complaint, the only issue raised was whether the interest was properly computed from the date the estate tax return was due. This was the sole issue addressed in the government's motion for summary judgment, as well as the only issue addressed in the district court's opinion granting summary judgment. Following the district court decision, plaintiff filed a "Motion to Reconsider Summary Judgment" where she raised this issue for the first time. Without elaboration, the district court denied the motion, stating that it was not persuaded that the summary judgment should be altered.
 
 
 14
 Construing plaintiff's motion to reconsider as a Rule 60(b) motion for relief from judgment under the Federal Rules of Civil Procedure, we find that the district court did not abuse its discretion in denying plaintiff's motion for reconsideration. The new issues raised in plaintiff's motion for reconsideration were not such that they could not have been raised in plaintiff's complaint or an amended complaint. As such, plaintiff cannot establish excusable neglect, fraud, or newly discovered evidence which would entitle her to relief from judgment. Since the district court properly denied plaintiff's motion for reconsideration, and therefore never substantively addressed this issue, we find the issue not properly before us on appeal. Boone Coal and Timber Co. v. Polan, 787 F.2d 1056, 1064 (6th Cir. 1986).
 
 III.
 
 15
 Plaintiff's final argument is that she is entitled to relief under the All Writs Act, 28 U.S.C. Sec. 1651. This statute authorizes the court to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." We find that since the law is clear that a taxpayer is required to pay interest computed at the appropriate statutory rates from the due date of the return through the date of payment of the tax, there is no need for any relief to be afforded plaintiff under the All Writs Act. In addition, we note that this issue was also never considered by the district court.
 
 
 16
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable Thomas A. Ballantine, Jr., United States District Court, Western District of Kentucky, sitting by designation
 
 
 [1]
 It should be noted that Sec. 6621, which plaintiff refers to, was drafted as an amendment to the Code in 1974. Therefore, plaintiff's argument is facially invalid since the 1954 Code as unamended did not even contain Sec. 6621